NICHOLSON *v.* BANKERS' & SHIPPERS' INS. CO.

(Division B. Jan. 16, 1933.)

[145 So. 349. No. 30168.]

Dabney & Dabney, of Vicksburg, for appellant.

Watkins, Watkins & Eager, of Jackson, and Chaney & Culkin, of Vicksburg, for appellee.

Argued orally by **Moncure Dabney**, for appellant, and by **W. H. Watkins, Sr.**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

We have carefully examined and considered the authorities relied on by both sides, and are not convinced that any material error of law was committed by the trial court, substantially prejudicial to either of the parties. And as to the facts, the case having been tried by the judge without a jury, it is not shown that the findings are not supported by sufficient evidence or that the judgment is manifestly wrong as being against the great or overwhelming weight of the evidence. On the contrary, we think the amount of the judgment is substantially correct, and this may be worked out on more than one method of calculation. For instance, the testimony shows that the roof, which was partially destroyed, was more than fifty years old, and that it had deteriorated

in value to the extent of seventy-five per cent. Appellant's own evidence shows that to replace this roof in its entirety with asbestos shingles, the nearest available material that would correspond in durability and value with the original cypress shingles used in the roof would cost two thousand, fifty-six dollars and fifteen cents. Applying to this a reduction equivalent to the deterioration above mentioned would give a recoverable valuation of five hundred, fourteen dollars and four cents; and adding to this appellant's estimate for the interior repairs one thousand, five hundred, thirty-four dollars and ninety-three cents, makes a total of two thousand, forty-eight dollars and ninety-seven cents. The judgment of the court was for two thousand, fifty-seven dollars and seventy-eight cents, or a difference of less than ten dollars. And in this appellant has the advantage, to-wit, that the asbestos shingle replacement would furnish a roof superior to that of a new cypress shingle roof, even if the grade and character of cypress shingle equal to the original shingles used could now be procured, because in the asbestos shingle, besides its durability, there is the valuable quality of immunity from fire, not possessed by the cypress shingle.

We do not pursue the facts or other calculations leading to similar approximate results. We would probably have affirmed this judgment without a written opinion except for the fact that throughout this rather voluminous record there is a constant recurrence of exceptions to the rulings of the court, and these are all noted in full in the transcript, and there is a repetition of these exceptions brought forward into the briefs. We mention this, not so much because the record and briefs in this particular case are remarkable as regards the feature mentioned, but because many, if not most, of the records coming here from all parts of the state contain to a considerable measure the same useless and illegal material, to the

substantial enlargement of the transcripts, adding unlawfully to the costs. By section 724, Code 1930, it is expressly and clearly provided: "And in such a trial, provided objections are duly made and noted, no exceptions need be taken, either for the purpose of appeal or otherwise, or if taken shall not be noted, to any ruling or decision of the court, and this provision shall include the rulings of a court on objections to testimony."

Exceptions to the rulings of the court were never required or recognized in chancery. This was because there everything stood on a written record, including the testimony, which was taken by depositions. But in courts of law, before the days of the court reporter, or "official stenographer," as he was once called, when the testimony and other steps in the trial other than the pleadings were oral and were not taken down in shorthand, and thence transcribed, the record for appeal had to be made up by bills of exception written out from memory and authenticated by the trial judge also from memory. Thus there arose the rule that to charge the judge's mind with the objection and that the party intended to rely on it, the party must take and state an exception, and this rule gradually extended to all adverse rulings in the course of a trial at law.

But now since by our new Code the parties are entitled to the services of a court reporter and cannot be put to trial without the attendance of the reporter, section 724, Code 1930, and since by the same section of the statutes it is made competent and effectual for the purposes of appeal and all otherwise in and by means of the court reporter's shorthand notes to make of the record every part of the proceedings arising and done during the trial from the opening to the conclusion thereof, including all objections to testimony and the rulings thereon, the necessity and occasion for the taking of exceptions and the noting thereof has as fully disappeared as if the case were in chancery, and the statute has now simply

recognized that fact and has abolished the exception and the noting thereof when the trial is attended by a court reporter. Being no longer of any service, the statute provided that these exceptions need not be made, or if made shall not be noted—this in the interest of expedition and economy in court trials and in the making up of records for appeal, and to shorten these records by the elimination of this wholly useless feature.

Strange to say, however, and although the present Code containing the express provisions above mentioned has been in effect for more than two years, the trial judges are still being belabored by exceptions taken, and the records in many, if not most, of the districts still contain these exceptions written out into the transcript, although, as stated, the statute expressly enacts that these exceptions need not be taken and, if taken, shall not be noted. The statute further provides so as to make the matter clearer, if possible, by repetition: "Exceptions and bills of exception shall be necessary only when it is desired to reserve exceptions to some ruling or decision of the court which would not otherwise appear of record."

We know of no effective way by which we can prevent the trial judges from continuing to permit the perpetration of this outlawed feature in the trial of cases; but we can impose an effective discipline upon court reporters in the disallowance of the cost of their transcripts when they shall hereafter persist in enlarging the transcripts by the inclusion of these unnecessary exceptions, contrary to the express command of the statute. We are, therefore, now calling distinct attention to this matter in the hope that the occasion for action on our part, in the manner mentioned, will disappear in the course of a reasonably short time.

Affirmed on direct and cross appeal.